

FILED
4/10/2023
JH
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AIR CRASH INTO THE JAVA SEA ON JANUARY 9, 2021      MDL No. 3072

## TRANSFER ORDER

**Before the Panel:** Defendant The Boeing Company moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois. This litigation currently consists of 21 actions pending in the Northern District of Illinois and the Eastern District of Virginia, as listed on Schedule A. The actions arise from the January 9, 2021 crash of a Boeing 737-500 aircraft operated by Indonesian airline Sriwijaya Air into the Java Sea off the coast of Indonesia, shortly after it departed from Jakarta. The crash resulted in the deaths of all 62 passengers and crew members, who were citizens of Indonesia.

Plaintiffs in four Illinois actions (*Handayani*, *Masrizal, Arifni,* and *Wahyuni*) and the eleven Virginia actions oppose centralization and, alternatively, request a stay of the Panel's ruling on centralization until after motions for remand to state court are decided. Plaintiffs in one other Illinois action (*Aprillia*) also request a stay of the Panel's ruling and, alternatively, are unopposed to centralization in the Northern District of Illinois. Plaintiffs in the remaining actions did not respond.

In opposition to centralization, plaintiffs principally argue that there are pending remand motions in 20 of the 21 actions,[1] and the question of federal subject matter jurisdiction must be resolved before the Panel rules on centralization. They also suggest that the Panel lacks authority to rule on motions for centralization until the remand motions are decided.[2] We find these arguments unpersuasive. First, it is well-established that jurisdictional objections, including objections to removal, are not relevant to transfer. This is so even where, as here, plaintiffs assert that the removals were patently improper. The Panel has explained: "We regularly order transfer of actions over the objection that remand is required under applicable precedent. Transfer in these circumstances comports with the well-established principle that 'Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues

---

[1] Plaintiffs' motions for remand dispute whether Boeing validly removed the actions based on admiralty and diversity jurisdiction.

[2] *See* Pls.' Opp. to Boeing's Mot. to Transfer, Doc. No. 17, at 2 (J.P.M.L. Feb. 21. 2023) (arguing that Boeing's motion is "a fairly transparent attempt to sidestep the primacy of the jurisdictional questions currently being raised by the numerous pending motions to remand and persuade an MDL panel to exercise jurisdiction it likely does not have").

relating to a motion to remand.'"[3] Thus, MDLs previously have been centralized over the objection that motions for remand were pending in many of the actions.[4]

Second, plaintiffs err in asserting that the remand question already has been resolved for all actions by one district court decision, *Riyanto v. Boeing*, No. 21-1475, 2022 WL 16635556, at *5 (N.D. Ill. Nov. 2, 2022) (*Riyanto I*).[5] The decision in *Riyanto I* – an earlier action arising from the Sriwijaya Air Flight 182 crash – allegedly addressed the same jurisdictional questions raised in the actions presently before the Panel, and the court granted plaintiffs' motion for remand to state court. But that court's decision rested on a different factual record than the actions before us. At the time of Boeing's March 2021 notice of removal in *Riyanto I*, Boeing undisputedly had its headquarters in Illinois. Presently, Boeing asserts that sometime in 2022, it moved its headquarters from Illinois to Virginia, and that this alleged move presents a significant factual change that alters the jurisdictional analysis. Indeed, there is disagreement among the Illinois and Virginia plaintiffs as to the location of Boeing's "principal place of business" (and hence, state of citizenship) at the time their respective actions were removed.[6] Boeing's citizenship thus appears to be a disputed factual issue that would benefit from being resolved by one court.

We also deny plaintiffs' alternative request for a stay of the decision on centralization until the involved transferor courts decide their remand motions. Plaintiffs will not suffer any undue prejudice from centralization while remand motions are pending as they can present their remand motions to the transferee court.

Plaintiffs in the Eastern District of Virginia actions additionally argue that alternatives to centralization such as informal coordination and transfer under Section 1404 are practicable and preferable to centralization. We disagree. The record does not indicate that the plaintiffs in the

---

[3] *See In re Mirena IUD Prods. Liab. Litig.*, MDL No. 2434, Transfer Order, Doc. No. 1621, at 2 (J.P.M.L. Dec. 5, 2017) (quoting *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, MDL No. 1720, 2017 WL 4582708, at *1 (J.P.M.L. Aug. 2, 2017) (same).

[4] *See, e.g., In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018) (centralizing 110 action over plaintiffs' objection that remand motions were pending, stating "that jurisdictional objections, including objections to removal, are not relevant to transfer"); *In re Standard & Poor's Rating Agency Litig.*, 949 F. Supp. 2d 1360, 1362 (J.P.M.L. 2013) ("If the actions were properly removed to federal court – a question we are neither empowered or inclined to answer – then [defendant] S&P could be subjected to conflicting pretrial schedules and, perhaps, discovery and other dispositive motions rulings").

[5] *Riyanto I* is a distinct action from the *Riyanto v. Boeing* action listed on Schedule A, which was filed in 2023.

[6] The actions on Schedule A were removed from September 9, 2022, to January 20, 2023. Plaintiffs in the Northern District of Illinois actions contend that Boeing still has its principal place of business in Illinois. Plaintiffs in the Eastern District of Virginia actions contend that Boeing's principal place of business is in Virginia.

various actions are coordinating with one another, and their conflicting positions on Boeing's state of citizenship suggests that they are not. Informal coordination also appears unlikely to address the risk of inconsistent rulings. As to Section 1404 transfer, Boeing represents, without dispute from plaintiffs, that none of the plaintiffs has expressed a willingness to litigate outside their chosen forum. Moreover, aviation disaster litigation involving foreign countries often is unusually complex – as it is here – and thus may warrant centralization even though few districts are involved.[7]

We also observe that competing plaintiffs' firms are seeking damages on behalf of some of the same decedents in both districts – for example, actions in both districts seek damages related to decedent A.N.W. and decedent Supianto, and Boeing identifies five other actions involving overlapping decedents. Centralizing all actions before a single court will ensure consistent proceedings with respect to the claims pertaining to decedents involved in multiple actions.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Eastern District of Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions regarding the cause or causes of the crash of the Boeing 737-500 aircraft operated as Sriwijaya Air Flight 182 into the Java Sea on January 9, 2021. The actions also share significant threshold questions concerning (1) whether admiralty or diversity jurisdiction lies over the actions; (2) whether the alleged location of significant evidence and witnesses in Indonesia warrants dismissal under the doctrine of *forum non conveniens*, as asserted by defendant Boeing; and (3) whether plaintiffs' claims require the joinder of allegedly necessary parties such as Sriwijaya Air. Centralization will eliminate duplicative discovery, particularly with respect to potential international discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

The Eastern District of Virginia is an appropriate transferee district for this litigation. Eleven actions are pending in this district before the Honorable Claude M. Hilton. He is an experienced transferee judge with the willingness and ability to manage this litigation efficiently. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Virginia are transferred to the Eastern District of Virginia and, with the consent of that court, assigned to the Honorable Claude M. Hilton for coordinated or consolidated pretrial proceedings.

---

[7] *See, e.g., In re Air Crash at Georgetown, Guyana, on July 30, 2011*, 895 F. Supp. 2d 1355 (J.P.M.L. 2012) (centralizing three actions pending in two districts).

-4-

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: AIR CRASH INTO THE JAVA SEA ON JANUARY 9, 2021     MDL No. 3072

## SCHEDULE A

<u>Northern District of Illinois</u>

WADU, ET AL. v. THE BOEING COMPANY, C.A. No. 1:22−04896
PONIJAN, ET AL. v. THE BOEING COMPANY, C.A. No. 1:22−04897
RIDWAN, ET AL. v. THE BOEING COMPANY, C.A. No. 1:22−04898
RIDWAN, ET AL. v. THE BOEING COMPANY, C.A. No. 1:22−04899
APRILLIA v. THE BOEING COMPANY, C.A. No. 1:22−05609
ARIFNI v. THE BOEING COMPANY, C.A. No. 1:23−00363
HANDAYANI v. THE BOEING COMPANY, C.A. No. 1:23−00370
WAHYUNI v. THE BOEING COMPANY, A DELAWARE CORPORATION,
    C.A. No. 1:23−00371
MASRIZAL v. THE BOEING COMPANY, C.A. No. 1:23−00373
RIYANTO v. THE BOEING COMPANY, C.A. No. 1:23−00374

<u>Eastern District of Virginia</u>

KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00044
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00045
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00046
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00047
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00048
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00049
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00050
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00051
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00052
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00053
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00054